# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0108** (Putnam County 11-F-38)

**Michael D. Adams,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael D. Adams, by counsel Joseph K. Reeder, appeals the resentencing order entered by the Circuit Court of Putnam County on December 22, 2011,[1] following his convictions of sexual abuse by a custodian or person of trust and first degree sexual abuse. The State, by counsel Stephen R. Connolly, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in June of 2011, petitioner was convicted of sexual abuse by a custodian or person of trust and sexual abuse in the first degree. Petitioner received consecutive sentences of twenty years on the count of sexual abuse by a custodian or person of trust, and two to five years on the count of sexual abuse in the first degree. Petitioner also received fifteen years of supervised release.

Asking for a new trial, petitioner sets forth three grounds for relief. He alleges that the trial court erred when it allowed the State to present evidence from an expert witness on the ultimate issue to be decided by the jury: whether the child was sexually abused.[2] Petitioner also argues that the trial court erred in concluding that he was a custodian and/or person in a position of trust with regard to the child. Finally, petitioner claims ineffective assistance of trial counsel.

---

[1]After conviction, the State filed an information charging petitioner as a recidivist, effectively doubling the minimum penalties. The prior felony was a 2008 larceny conviction from the State of Ohio.

[2]Petitioner suggests that defense counsel may not have had access to the notes of the expert witness prior to trial. We find that argument to be without merit.

In response, the State argues that the testimony of the expert witness, Joyce Perry, a psychologist and licensed counselor, was appropriate because she provided treatment to the victim, fourteen-year-old K.P.[3] Ms. Perry rendered her professional opinion about the signs K.P. exhibited. The State argues that the petitioner was a custodian and/or person in a position of trust with regard to the victim because he cohabitated with K.P.'s aunt and K.P. frequently visited and stayed overnight at the home. Finally, the State disputes petitioner's claim of ineffective assistance of counsel.

In reviewing petitioner's first assignment of error, we note that the admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court and the decision will not be reversed unless it is clearly wrong. Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991), *cert denied*, 502 U.S. 908.

The State's expert witness in this case, Ms. Perry, discussed the findings from the multiple counseling sessions she had with K.P. We note that West Virginia has long recognized that this class of witness may testify regarding statements made by child victims in the course and in furtherance of their treatment.

> Expert psychological testimony is permissible in cases involving incidents of child sexual abuse and an expert may state an opinion as to whether the child comports with the psychological and behavioral profile of a child sexual abuse victim, and may offer an opinion based on objective findings that the child has been sexually abused.

Syl. Pt. 4, in part, *State v. James B., Sr.*, 204 W.Va. 48, 50, 511 S.E.2d 459, 461 (1998).

We find that the testimony of Ms. Perry fell within acceptable boundaries. Ms. Perry did opine that K.P. exhibited the signs and symptoms of post-traumatic stress and/or rape syndrome. However, Ms. Perry never gave a conclusive statement on the ultimate issue of the petitioner's culpability.

Petitioner's second assignment of error is that he was not a custodian and/or person in a position of trust with regard to the victim at the time of the abuse. We find this argument unpersuasive. This Court has defined the term custodian, pursuant to West Virginia Code § 61-8D-5(a), as:

> A person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding. "Custodian" shall also include, but not be limited to, the spouse of a parent, guardian or custodian, or a person cohabiting

---

[3]In view of the sensitive nature of this case, this Court will refer to certain individuals by their initials or first name and last initial. *Clifford K. v. Paul S.*, 217 W.Va. 625, 630 n.1, 619 S.E.2d 138, 143 n.1 (2005).

with a parent, guardian or custodian in the relationship of husband and wife, where such spouse or other person shares actual physical possession or care and custody of a child with the parent, guardian or custodian.

*State v. Longerbeam*, 226 W.Va. 535, 538-39, 703 S.E.2d 307, 310-11 (2010).

Considering the facts of this case, we find ample evidence to support the jury's finding that the petitioner was a custodian of K.P. At all times relevant, petitioner was an adult, and he shared possession and care of K.P. during the frequent times she came to the home to visit her aunt. Temporary custody over K.P. was implied by the permission her parents gave to her to spend the night at her aunt's house. Petitioner was cohabitating with K.P.'s aunt, and was engaged to be married to her.

The evidence also established that the petitioner was a person in a position of trust in regard to K.P. Her frequent visits to the house and overnight stays indicated that he was at least implicitly charged with her protection. *See State v. Edmonds*, 226 W.Va. 464, 702 S.E.2d 408 (2010).

Petitioner raises an ineffective assistance of counsel claim as his third assignment of error. The following standard is applied to claims concerning ineffective assistance of counsel:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Based on our review of the record, we find petitioner fails to meet the elements of the *Strickland* test.[4]

Petitioner contends that trial counsel should have objected to the introduction of K.P.'s original statements to the police. As the petitioner did not testify, the case turned almost entirely on the credibility of the victim. He argues that the State should not have been permitted to bolster

---

[4] Petitioner suggests that his trial counsel was deficient in allowing a jury member to be seated who had misled the court about his criminal record. However, the record does not support this claim. The State objected to the empanelling of potential juror James Kimberling due to his evasiveness in answering questions concerning his criminal record involving a guilty plea of driving under the influence. Petitioner's trial counsel objected to striking Mr. Kimberling because he believed there may have been confusion about which information was relevant to disclose. The court ultimately decided to strike Mr. Kimberling from the jury pool. Therefore, Mr. Kimberling did not serve on the jury. Accordingly, we find no support for petitioner's claim of ineffective assistance of counsel in this regard because the result of the proceeding would not have been different had trial counsel objected to this potential juror.

3

the credibility of K.P. with the police reports. However, a review of the transcript reveals that petitioner's trial counsel used the statements from the police interview in an attempt to impeach K.P. when she seemed unsure of her answers. Keeping with the guidelines set forth in *Strickland*, we will not resort to second-guessing the strategy of an attorney. Even if it could be established that trial counsel made an error by not objecting to this evidence, we find that error would not have changed the result of the proceedings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II